In re TUILEISULEFIATAGATA HALL, A Minor Child,
and concerning SOPI SOPI Jr.

High Court of American Samoa
Trial Division

JUV No. 92-85
AD No. 80-85

Jan 3,1986

Before MURPHY, Acting Chief Justice, Presiding, AFUOLA, Associate
Judge, and VAIVAO, Associate Judge.

Counsel: For Kupa, Asaua Fuimaono
 For Sopi Sopi Jr., Isalei Iuli
 For interest of child, Amoeualogo Soli, Public Defender

 This is a case which imposes an almost intolerable burden
upon any judge who has normal sympathies and emotions. It is an
irreconcilable dispute between good people over the custody of a
little girl who is now nearly one year old. Whatever decision we
reach must result in undeserved heartbreak for someone.

FACTS

 Millie and Sopi were living as husband and wife with Sopi's
family. Millie became pregnant. In August of 1984 Sopi left the
Territory to obtain employment in Hawaii. Millie remained in
American Samoa with Sopi's family. On · February 20, 1985 the
little girl, Tuileisulefiatagata, was born. Millie did not want
the responsibility of motherhood. She told Sopi's mother she was
going to Western Samoa to visit her mother. Instead she turned
the baby over to her cousin Nancy Kupa, relinquished parental
rights, and consented that Nancy and Samasoni Kupa could adopt
the child. Sam and Nancy employed attorney Asaua Fuimaono to
represent them in the adoption proceedings. On May 23, 1985 Mr.
Fuimaono obtained a decree of relinquishment, apparently without
notice to Sopi. No petition of adoption was filed. In the
meantime, Sopi found out what was going on and came to American
Samoa, obtained counsel and petitioned for custody.

 Belatedly, a petition for adoption was filed by the Kupa's
on October 17, 1985. Both Sopi the Kupas are fit and proper

parents. Naturally the Kupas have become attached to and deeply love the child.

## DISCUSSION OF THE LAW

Before the Kupas can adopt the child the rights of the natural parents must be terminated. A.S.C.A. sec. 45.0412.

The natural mother relinquished her rights (A.S.C.A. sec. 45.0402) but the rights of the natural. father were never dealt with. Clearly, Sopi never consented to relinquishment. Therefore, his parental rights can only be terminated under A.S.C.A. section 45.0401, which refers us to A.S.C.A. section 45.0115 and A.S.C.A. section 45.0103, which in turn tell us that Sopi's rights can be terminated if the child is "neglected or dependent." In other words Sopi must have abandoned or abused the child in order , for the court to terminate his parental rights. The facts do not support such a conclusion. He left the Territory for a rational reason and thought that Millie was properly cared for by his mother. His conduct throughout this case demonstrates his determination not to abandon the child.

## CONCLUSION

Sopi's parental rights are not terminated and as the ·natural father he is entitled to custody of his child.

It is so ordered, adjudged and decreed.